[Cite as *In re K.B.*, 2014-Ohio-3490.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: K.B. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 14-CA-29 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Court of Common Pleas, Juvenile
Division, Case No. AB-2013-51

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 12, 2014

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant-D.C.

BRITTANY J. KAROCKI      JESSICA L. MONGOLD
Assistant Prosecuting Attorney      123 S. Broad Street, Ste. 206
239 W. Main Street, Ste. 101      Lancaster, OH 43130
Lancaster, OH 43130

Guardian Ad Litem

Jacob P. Ort
13297 Rustic Drive NW
Pickerington, OH 43147

*Baldwin, J.*

{¶1}    Appellant D.C. appeals a judgment of the Fairfield County Common Pleas Court, Juvenile Division, awarding permanent custody of her daughter K.B. to appellee Fairfield County Child Protective Services.

STATEMENT OF FACTS AND CASE

{¶2}    K.B. was born on February 14, 2013.  She was found to be dependent and placed in the temporary custody of appellee on May 30, 2013.  Appellant did not comply with her case plan, which addressed concerns with substance abuse, parenting skills, stable employment, and stable housing.  Appellant only visited K.B. once during the pendency of the case.

{¶3}    Appellee filed a motion for permanent custody on October 1, 2013.  The permanent custody hearing was originally scheduled for November 13, 2013, and continued to February 6, 2014 because service was not effectuated upon appellant.  On February 4, 2014, appellant filed a motion to continue, stating that a family member had stepped forward seeking placement but appellee had refused to investigate the family member because she stepped forward too late.   Appellant argued that the hearing should be continued to allow for consideration of a less restrictive placement option. The court overruled the motion.

{¶4}    The case proceeded to a permanent custody hearing on February 6, 2014.  Appellant did not appear at the hearing.  Counsel for appellant renewed the motion to continue, arguing that the maternal grandmother sought placement of the child and appellee had not investigated this placement.  The maternal grandmother did

not appear at the hearing. The court again overruled the motion to continue, finding that the maternal grandmother was given the option to be a possible placement for K.B. when the case began, but she chose not to be considered. The court further noted that neither appellant nor the maternal grandmother were present for trial. The court found that the need for permanency for K.B. was the priority of the court, and overruled the motion to continue. Following the hearing at which neither parent appeared, the court granted the motion for permanent custody.

{¶5}    Appellant assigns a single error on appeal:

{¶6}    "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY PLACING THE MINOR CHILD IN THE PERMANENT CUSTODY OF FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES WITHOUT ALLOWING FOR AN INVESTIGATION OF A FAMILY MEMBER WHO MAY HAVE PROVIDED A LESS RESTRICTIVE PLACEMENT."

{¶7}    Appellant argues that the court erred in overruling her motion to continue so that appellee could investigate the maternal grandmother as a potential placement for K.B.

{¶8}    "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.* The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} The agency does not have a statutory duty to investigate a relative for placement before seeking permanent custody. *In re K.M.D.,* 4th Dist. Ross App. No. 11CA3289, 2012-Ohio-755, ¶1. In the instant case, the agency did contact the maternal grandmother at the start of the case, but she was not willing to be considered for placement at that time. Appellant filed her motion to continue just two days before the permanent custody hearing was scheduled. Further, neither appellant nor her mother appeared for the hearing. Appellee represented to the court that grandmother contacted the agency two weeks before the hearing regarding the possibility of placement, and appellee informed her that if the motion for permanent custody was granted, she could apply for consideration for adoption. The court did not abuse its discretion in overruling the motion to continue.

{¶10} The assignment of error is overruled. The judgment of the Fairfield County Common Pleas Court is affirmed. Costs are assessed to appellant. By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.